Clint R. Hansen, A12108
Scott M. Petersen, A7599
**FABIAN VANCOTT**
215 South State Street, Ste. 1200
Salt Lake City, Utah 84111-2323
Telephone: (801) 531-8900
Facsimile: (801) 531-1716
chansen@fabianvancott.com
spetersen@fabianvancott.com
*Attorneys for New York Life Insurance*
*and Annuity Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, | Civil No. 2:18-cv-00540 |
| Plaintiff, | **COMPLAINT IN INTERPLEADER** |
| vs. | |
| JULIE KAY BRINKLEY, TRACIE ANN MCLAUGHLIN, DAVID BRYAN LIDDIARD, ROBERT JOHN LIDDIARD, and | |
| Defendants. | |

Now comes Plaintiff, New York Life Insurance and Annuity Corporation (the "Company"), by and through its undersigned counsel, for its Complaint in Interpleader, alleges as follows:

### PARTIES

1.  The Company is an insurance company organized and existing under the laws of the State of Delaware with its principal place of business at 51 Madison Avenue, New York, New York. The Company is duly authorized to do business in the State of Utah.

2.  Upon information and belief, Defendant Julie Kay Brinkley is an adult citizen of Washington and domiciled in Monroe, Washington.

3. Upon information and belief, Defendant Tracie Ann McLaughlin is an adult citizen of Utah and domiciled in West Jordan, Utah.

4. Upon information and belief, Defendant David Bryan Liddiard is an adult citizen of Maryland and domiciled in Frederick, Maryland.

5. Upon information and belief, Defendant Robert John Liddiard is an adult citizen of Utah and domiciled in Provo, Utah.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under Title 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. The Company is a Delaware citizen and New York citizen for diversity purposes and the Defendants are citizens of Washington, Utah, and Maryland.

7. This Court also has jurisdiction under 28 U.S.C. § 1335 in that the Defendants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967). Upon information and belief, the defendants are citizens of Washington, Utah, and Maryland.

8. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

9. On or about November 23, 2010, the Company issued variable annuity number 58422084 to Diane Liddiard as owner, with her son, Robert J. Liddiard ("Robert J."), as annuitant ("Annuity A").

10. On or about June 6, 2013, the Company issued fixed variable number 58486106 to Diane Liddiard as owner, with her son, Robert J., as annuitant ("Annuity B").

11. On or about June 27, 2016, the Company issued fixed annuity number 74930999 to Diane S. Liddiard as owner and annuitant ("Annuity C").

12. On or about August 5, 2016, the Company issued fixed annuity number 74931878 to Diane S. Liddiard as owner and annuitant ("Annuity D").

13. On or about June 14, 2017, the Company issued fixed annuity number 74938152 to Diane S. Liddiard as owner and annuitant ("Annuity E").

14. On each of the Annuity applications, Diane Liddiard designated her husband, Robert M. Liddiard, as primary beneficiary and her children as equal, co-secondary beneficiaries of the Annuity death benefits. *Copies of the Annuity A application, Annuity B application, Annuity C application, Annuity D application, and Annuity E application are attached hereto as **Exhibits A-E**, respectively.*

15. Upon information and belief, Diane Liddiard died on or about November 4, 2017, and her death was ruled a homicide. *A copy of the Diane Liddiard's Certificate of Death is attached hereto as **Exhibit F**.*

16. As a result of the death of the Diane Liddiard, Annuity A, Annuity B, Annuity C, Annuity D, and Annuity E (together, the "Annuities") death benefits became due.

17. Upon information and belief, Robert M. Liddiard also died on or about November 4, 2017 as part of the same homicide event. *A copy of Robert M. Liddiard's certificate of death is attached hereto as **Exhibit G**.*

18. Defendants Julie Kay Brinkley, Tracie Ann McLaughlin, and David Bryon Liddiard asserted a claim to the Annuities' death benefits and each subsequently received a 25% share of each of the Annuity death benefits.

19. As a result of the distributions to Julie Kay Brinkley, Tracie Ann McLaughlin, and David Bryon Liddiard, there remains a 25% share of each Annuity's death benefits due, representing the portion to which Robert J. would be entitled, (together, the "Remaining Death Benefits")[1] and the Company concedes liability to that effect.

20. Upon information and belief, Defendant Robert J. was criminally charged with the murders of Diane Liddiard and Robert M. Liddiard.

21. As a result of Robert J.'s alleged involvement in Diane Liddiard's death, he may be disqualified from receiving the Remaining Death Benefits pursuant to Utah Code 75-2-803(3)(a), which states, in relevant part:

> The killing of the decedent by means of a disqualifying homicide revokes any revocable disposition or appointment of property made by the decedent to the killer in a governing instrument.

Utah Code 75-2-803(3)(a).

22. If Robert J. is disqualified from receiving the Death Benefits pursuant to Utah Code 75-2-803(3)(a) or otherwise, pursuant to the terms of the Annuities, the Remaining Death Benefits would be due to Julie Kay Brinkley, Tracie Ann McLaughlin, and David Bryon Liddiard, in equal shares, as the remaining beneficiaries.

23. There have been no other claims for the Death Benefits. Under the circumstances, the Company cannot determine factually or legally who is entitled to the Death Benefits. By

---

[1] The remaining Annuity C death benefit is $48,926.11; the remaining Annuity D death benefit is $28,647.41, and the remaining Annuity E death benefit is $45,778.74. Annuity A and Annuity B are variable annuities and remaining death benefits associated with those contracts is subject to fluctuation and will be calculated on the date of distribution. For reference, the remaining Annuity A death benefit would have been $285,961.98 if distributed on June 12 2018 and the remaining Annuity B death benefit would have been $40,611.04 if distributed on June 12, 2018.

4

reason of the actual or potential claims of the interpleading defendants, the Company is or may be exposed to multiple liability.

24. The Company is ready, willing, and able to pay the Death Benefits, plus applicable claim interest, if any, in accordance with the terms of the Policy to whomever this Court shall designate.

25. As a mere stakeholder, the Company has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefits and respectfully requests that this Court determine to whom the Death Benefits should be paid.

26. The Company accordingly will deposit into the Court the Death Benefits, plus claim interest, if any, for disbursement in accordance with the judgment of this Court.

27. The Company has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between the Company and any of the Defendants. The Company brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, the Company prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefits;

(b) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Death Benefits and/or the Annuities;

(c) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefits should be paid;

(d) permitting the Company to deposit the amount of the Death Benefits, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(e) discharging the Company from any and all further liability to Defendants relating in any way to the Annuities and/or the Death Benefits upon payment of the Death Benefits into the Registry of this Court or as otherwise directed by this Court;

(f) awarding the Company its attorneys' fees and costs in their entirety; and

(g) awarding the Company any other and further relief that this Court deems just and proper.

DATED this 6th day of July, 2018

/s/ Clint R. Hansen
Clint R. Hansen
Scott M. Petersen
FABIAN VANCOTT
*Attorneys for Plaintiff New York Life Insurance and Annuity Corporation*